UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASH SHAFIHIE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:23-cv-01436-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the

1

complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Discussion

Plaintiff alleges in Claim 1 that unidentified institutional staff have (1) invaded his privacy by placing a listening device in his housing quarters, (2) retaliated against him, (3) harassed him, and (4) disseminated audio and video footage of him "to the masses." ECF No. 1 at 4. In Claim 2, plaintiff alleges that California Health Care Facility psychiatrist defendant Suryadevara

Vallabh unlawfully took a blood sample from him on March 10, 2023 "for personal gain, power, profit under the pretense of medical care," and that unidentified other institutional staff have threatened him with death and otherwise harassed him. *Id.* at 5. In Claim 3, plaintiff alleges that defendant John Doe, also a psychiatrist, threatened him with death on May 19, 2023 because plaintiff refused to provide a blood sample. *Id.* at 6. "On another incident, employee D. Minnatee physically threatened me for filing a grievance against his employee Lisa Hertenstein." *Id.* Additionally, on occasions too numerous to list, unidentified staff members have used the prison disciplinary process "to threaten, harass, and delay my release date for personal gain and profit." *Id.*

     A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Claim 1 and some allegations contained within Claims 2 and 3 fail to specify how any particular defendant was involved in violating plaintiff's federal statutory or constitutional rights. Vague allegations that do not allege conduct of a specific, identifiable defendant cannot survive screening.

     In addition to Suryadevara Vallabh, the caption of plaintiff's complaint names as defendants the California Department of Corrections and Rehabilitation, Jeffrey Macomber, Gina Jones, the City of Stockton, Quest Diagnostics Sacramento, and J. Guajardo. As the body of the complaint contains no factual allegations against these individuals and entities, claims against them will be dismissed with leave to amend.

     We are left with three instances in which plaintiff has alleged misconduct by an identifiable defendant: (1) Dr. Suryadevara Vallabh's March 10, 2023 unlawful taking of a blood specimen from plaintiff; (2) John Doe's death threat to plaintiff on May 19, 2023 for refusing to provide a blood specimen, and (3) D. Minnatee's threat against plaintiff on unidentified date in retaliation for plaintiff's filing of a grievance against another employee. While the first two instances may be related (it is difficult to tell from the sparse allegations), the third does not bear them any relation, at least not on the facts provided by plaintiff. It is well-settled that a claimant

////

////

may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims against the psychiatrist defendants, one the one hand, and his claim against defendant Minnatee, on the other, encompass discrete events involving separate defendants that are ill-suited to proceed in a single suit.

Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

### Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: November 28, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE